IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **EBONY HARDAWAY,** | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **WESTROCK SERVICES, LLC.,** a Foreign Limited Liability Company, | (ORS 659A.040, Workers' Compensation Discrimination/Harassment; ORS 659A.030(1)(f), Retaliation; ORS 659A.199, Whistleblower Discrimination) |
| Defendants. | Damages Sought In An Amount Not To Exceed $500,000. |
| | ORS 21.160(1)(c) |
| | **CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION** |
| | JURY TRIAL REQUESTED |

1.

Plaintiff Ebony Hardaway (hereafter "Plaintiff"), an African American woman, is an employee of defendant WestRock Services LLC. (herein "Defendant") and a resident of the State of Oregon, County of Multnomah.

2.

At all times relevant hereto, Defendant is and was a company, doing business in the State of Oregon.

3.

Defendant hired Plaintiff in July 2016 as a sorter in its recycling plant. She was

REMOVAL EXHIBIT 1
Page 1 of 9

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 1 – COMPLAINT

1  promoted to lead within 3 years and given raises amounting to $4.50 per hour. In April of 2019,
2  Plaintiff applied for a job as a laborer at defendant's Portland corrugated plant.

3                                              4.

4      On or about April 29, 2019, Plaintiff began her job as a laborer in defendant's Portland
5  corrugated plant.

6                                              5.

7      On or about May 28, 2019, Defendant gave Plaintiff a performance evaluation with an
8  overall rating of "exceeds expectations" and indicated that she "has a great attitude, always does
9  what is asked of her," she "works well with others," and "works hard and has a desire to learn."

10                                             6.

11     On or about June 21, 2019, Plaintiff was given conflicting instructions about where she
12 should be working, John Reams (herein "Reams"), an operator, became irate with her and
13 started yelling at her.  Plaintiff complained to management and followed up the next day with a
14 written complaint stating she was afraid to work with John and she "should not have to tolerate
15 working in a hostile environment."

16                                             7.

17     On or about June 25, 2019, Plaintiff again complained about John, this time reporting
18 that John was in the machine changing the die cuts and wearing no sleeves when the machine
19 was not properly locked out and that she was afraid to work with John.  WestRock terminated
20 John's employment.

21                                             8.

22     On or about June 26, 2019, Hong Ngyuen (herein "Ngyuen"), Plaintiff's new supervisor
23 and colleague of John, told Plaintiff that the plate design in the Langston machine was not
24 centered properly.  As Plaintiff was inside the machine centering the plate, Ngyuen started the
25 machine, crushing her right hand in the machine, and causing broken bones, torn tendons, and
26 nerve damage.

REMOVAL EXHIBIT 1
Page 2 of 9

CREIGHTON
& ROSE, PC
ATTORNEYS
AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 2 – COMPLAINT

9.

The paramedics came and took Plaintiff to the hospital.

10.

On June 27, 2019, Defendant's General Manager asked Plaintiff if Defendant could compensate her for her injury and she could come in and sit at a desk, actively discouraging her from filing a workers' compensation claim. Defendant has a pattern and practice of treating those with work-related injuries less favorable than those who have not suffered work-related injuries.

11.

Plaintiff stayed off work on her doctor's orders until September 29, 2019, when she was released to return to work. Her doctor restricted her work duties and instructed that she was not to be given work that required the use of her right hand and that she should be working in a warm environment, in an office-like setting.

12.

Instead, Defendant stationed Plaintiff in the coldest part of building in the far back corner of the building, with no heat. Defendant did not offer her an official light-duty job, but had her read safety binders and take them apart and put them back together. She was given tasks such as cutting things out and making different paint colors and putting them on key rings.

13.

Plaintiff complained about the temperature of the room several times to Defendant's quality control employee and general manager. Instead of being moved from that area or being given a heater, Defendant, through its agents, told Plaintiff to wear more coats.

14.

By comparison, Defendant gave a Caucasian woman on light-duty assignment a warm work environment. Defendant has a pattern and practice of treating its African-American workers differently than its Caucasian employees.

PAGE 3 – COMPLAINT

REMOVAL EXHIBIT 1
Page 3 of 9

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

15.

In October of 2019, after a month of enduring these adverse work conditions with Defendant defying Plaintiff's doctor's restrictions, Plaintiff called her doctor to tell him about the adverse working conditions. Her doctor took Plaintiff off work because Defendant failed to comply with Plaintiff's medical restrictions and instructions for a warm work environment.

16.

After learning of her call to her doctor, Defendant subjected Plaintiff to a drug test.

17.

While Plaintiff was off work, Defendant's HR representative, repeatedly asked her, "when is all this going to be over? When will you be able to get back on the production floor?" Plaintiff responded, "when the doctor releases me and my hand is healed."

18.

Plaintiff was released to return to work again on February 18, 2020, with the same light duty restrictions. Defendant put her in the same cold room, despite the fact that her doctor mandated that she be put in a warm room to reduce the pain she experienced in her hand. Plaintiff complained again.

19.

It was only after she reduced her complaint to writing that Plaintiff was moved to a warmer location and was given a heater. When Plaintiff was performing her work, she was ignored by the other employees in the office.

20.

After being in the warmer office for less than 2 weeks, Defendant moved her to the maintenance area, where it was again cold. Plaintiff's doctor, after hearing about her work conditions, again took Plaintiff off work.

21.

On or about March 30, 2020, Defendant's workers' compensation agent communicated

REMOVAL EXHIBIT 1
Page 4 of 9

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 4 – COMPLAINT

to Plaintiff that WestRock required her to quit her employment, if she wanted to resolve her workers' compensation claim.

22.

In April 2020, Plaintiff was released by her doctor to return to work again with light duty restrictions, but there was no work for her to perform at Defendant's workplace. On April 22, 2020, Defendant took Plaintiff to the production floor where there were cameras and gave her a training book to read. Plaintiff then asked for a heater in the area and then she was moved to the break room, where she stayed for 2 days, while the other office workers worked from home, during the governor's stay-at-home order. Defendant did not allow Plaintiff to work from home, but required her to come in and read the training book.

23.

The next day, April 23, 2020, Plaintiff went to her doctor's office for a follow-up visit. She told him where she was working and what she was doing. Her doctor told her that Defendant had sent him pictures of her in her accommodated workplace and that the pictures did not show her in the break room. Plaintiff informed her doctor that the pictures sent by Defendant were not the area where she was currently working.

24.

Plaintiff wrote a letter to human resources to tell them she was working in the break-room and in a lot of pain. She also relayed what her doctor told her, that if Defendant could not accommodate her restrictions, Defendant needed to take her off work. Within 2 hours of providing the letter to human resources, Defendant told Plaintiff she was going to be subjected to a drug test. She took the drug test and passed.

25.

On April 27, 2020, Plaintiff filed a grievance with the union stating she felt discriminated against and retaliated against and felt that she was being harassed. Defendant has a pattern and practice of retaliatory employment actions against workers who oppose

REMOVAL EXHIBIT 1
Page 5 of 9

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 5 – COMPLAINT

discrimination and harassment in the workplace.

26.

As a result of Defendant's conduct, Plaintiff has suffered lost wages in an amount totaling $35,105.20 to date.

27.

As a further result of Defendant's actions, Plaintiff suffered emotional distress in an amount to be determined by a jury at trial, no greater than $500,000.00.

28.

Plaintiff is entitled to a declaration that Defendant violated her rights under ORS 659A, and an order requiring Defendant to make her whole.

29.

Plaintiff places Defendant on notice of her intent to amend this complaint to seek punitive damages at a later date and to seek all relevant financial documentation from Defendant.

**FIRST CLAIM FOR RELIEF**
**Workers' Compensation Discrimination (ORS 659A.040)**

30.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

31.

As herein described, Plaintiff alleges that Defendant, by and through its agents acting within the course and scope of their employment, violated ORS 659A.040, by discriminating against Plaintiff by taking adverse action against her in the terms, conditions, and privileges of her employment and by creating a hostile work environment because she applied for benefits and/or invoked and/or utilized the procedures provided for in ORS Chapter 656.

///

///

REMOVAL EXHIBIT 1
Page 6 of 9

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 6 – COMPLAINT

32.

As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic and noneconomic damages, including non-economic damages as a result of the physical injuries she suffered on the job. Plaintiff seeks compensation from Defendant in an amount to be determined by a jury at trial in an amount no greater than $500,000. Plaintiff also seeks all other equitable remedies, including reinstatement available to her by statute.

33.

Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107, and all other remedies available at law.

## SECOND CLAIM FOR RELIEF
### Retaliation for Opposing Race Discrimination (ORS 659A.030(1)(f))

34.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

35.

As described above, plaintiff alleges that Defendant violated ORS 659A.030(1)(f), by discriminating against Plaintiff through adverse action taken against the terms, conditions, and privileges of his employment because she engaged in protected activity.

36.

As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic and noneconomic damages. Plaintiff seeks compensation from Defendant in an amount to be determined by a jury at trial in an amount no greater than $500,000. Plaintiff also seeks all other equitable remedies, including reinstatement available to her by statute.

37.

Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107, and all other remedies available at law.

///

///

PAGE 7 – COMPLAINT

REMOVAL EXHIBIT 1
Page 7 of 9

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

**THIRD CLAIM FOR RELIEF**
**Whistleblower Discrimination (ORS 659A.199)**

38.

Plaintiff realleges and incorporates paragraphs 1 through 29 above.

39.

As described above, Plaintiff alleges that Defendant violated ORS 659A.199, by discriminating and/or retaliating against plaintiff in the terms, conditions, and privileges of her employment because she, in good faith, reported information that she believed to be a violation of state and/or federal law.

40.

As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic and noneconomic damage. Plaintiff seeks compensation from Defendant in an amount to be determined by a jury at trial in an amount no greater than $500,000. Plaintiff also seeks all other equitable remedies, including reinstatement available to her by statute.

41.

Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107, and all other remedies available at law.

WHEREFORE, Plaintiff prays for the following in accordance with the proof at trial:

1. Economic damages;

2. Non-economic damages, including non-economic damages as a result of the physical injuries she suffered on the job;

3. Reasonable attorneys' fees and costs;

4. Prejudgment and post judgment interest as appropriate and allowed by law;

5. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over the

PAGE 8 – COMPLAINT

REMOVAL EXHIBIT 1
Page 8 of 9
CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

applicable time frame;

6. Injunctive relief ordering defendant to cease and desist its illegal practices under each claim above cited, and ordering defendant to carry out and institute policies, practices and programs designed to ensure that such violations are not repeated in the future;

7. Upon motion, punitive damages; and

8. Any and all other relief as this court may deem proper.

DATED this 18th day of February, 2021.   CREIGHTON & ROSE, PC

*s/ Beth Creighton*
BETH CREIGHTON, OSB #972440
beth@civilrightspdx.com
LAURA KOISTINEN, OSB #175123
laura@civilrightspdx.com
Attorneys for Plaintiff Ebony Hardaway

**JURY TRIAL REQUESTED**

REMOVAL EXHIBIT 1
Page 9 of 9

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 9 – COMPLAINT